## Case No. 7,405.

JOHNSON v. PHOENIX INS. CO.

[1 Wash. C. C. 378.] [1]

Circuit Court, D. Pennsylvania. April Term. 1806.

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

Mr. Tod, for plaintiff.
Smith & Hallowell, for defendants.

WASHINGTON, Circuit Justice, charged the jury; and after stating the importance and necessity of good faith in contracts of this kind, he observed, that if the plaintiff had concealed material facts within his knowledge, or knew, or had heard of the loss, before he ordered the insurance, either would avoid the policy. That if the jury should be of opinion, that the captain, in his letter to the plaintiff of the 1st of November, informed him of his intention to sail that day, it might be very material to the risk, that he should have disclosed this information to the defendants; and if so, the defendants would be exonerated. The time of a vessel's sailing is always important; particularly, if, at the time the insurance is effected, the vessel is out of time. The average voyage from Richmond to Philadelphia, is ten or twelve days. This vessel was insured, twenty-four days after she had sailed, and of course it was important for the underwriters to know, that she had been twenty-four days out. But it does not appear, that the captain informed his owner when he should sail. The order of insurance mentions, that, on the 1st of November, she was loaded; and we must presume, that this was the information communicated to the owner by the captain, as the contrary does not appear. It would seem, as if the underwriters understood, from the expressions used, that she had sailed on that day; as no reason for detention, beyond it, appeared, by their demanding ten per cent. premium, whereas the common premium, on such a risk, is provided to be from two to four per cent. As to the letter from Hampton Roads, it does not appear that it ever came to hand.

The next point is the most serious; because, if the jury believe the defendants' witnesses, they fix upon the plaintiff a knowledge of the loss, before he ordered insurance. Against these witnesses, is opposed the testimony of the captain. The evidence cannot be reconciled: one, or other, has sworn to an untruth; and therefore, as is common in such cases, circumstances to prop the positive evidence have been resorted to, and the characters of the witnesses have been attacked on the one side, and supported on the other. The circumstances are the following: The captain arrived at New York, on the 18th; might have written on the 19th; his letter would have got to Philadelphia on the 20th, and would have reached the plaintiff on the 22d. The messenger, we find, was sent off to Philadelphia in great haste, which might be

the night of the 22d; would reach Philadelphia in the evening of the 23d, so as to cause the insurance to be effected the day it was. A free letter *did go on the 20th*, to the office kept by the plaintiff; and he was the only person there, or in the neighborhood, entitled to this privilege. The hurry of the plaintiff, just about the time, when the mail, in the regular course, would arrive, in sending off a messenger, and the time necessary for the journey, which would bring him here, on the day, or preceding evening, when the insurance was effected. But if the letter, ordering the insurance, was truly dated, when it was written, and was immediately sent off; then it is almost impossible that the plaintiff could have heard from the captain after his arrival at New York. In answer to this, it is contended, by the defendants, that the letter must have been antedated, because, if written on that day, it might have been sent off by mail on the 21st, so as to have got here before the 24th, and therefore there could have been no reason for sending a special messenger. If the letter was antedated, then this itself is strong evidence of fraud, and gives to the whole transaction the appearance of unfairness. But if not antedated, still, if the plaintiff knew of the loss, before it was sent away, the consequence is the same, and he cannot recover. You are the proper judges, of the credit, and of the weight of evidence; and you must decide, upon an impartial consideration of all the circumstances and facts, whether the fraud, imputed to the plaintiff, is proved, or not.

The plaintiff suffered a nonsuit, after the jury had returned, and were ready to give in their verdict.